United States v. Fusco, case number 236534. Good morning. Good morning, your honor. May it please the court. Good morning, your honors. My name is Robert Cruz. I'm appearing on behalf of Mr. Fusco. I want to start the argument by bringing up something that's not strictly relevant directly, but is, should be part of the consideration, which is that on April 17th, the Sentencing Commission of U.S. Courts issued a ruling that or amendment prohibiting the use of acquitted conduct in order to determine the minimum sentencing range, which, of course, would be very important in this case, since virtually every decision Judge Castell made used that as its starting point and its key point. Right, but it wouldn't be, well, first of all, it's not yet, I mean, the amendment hasn't yet taken effect. No, it's not. I concede that completely. And Judge Castell would not be obliged to follow the guidelines. That may be correct, but what, I only say that because it seems to me that there has become a robust consensus that that particular process is perhaps undermining the rights of defendants and maybe diminishing the respect the courts have. So, anyway, I wanted to raise it just as a background. But, I mean, it's worth raising, but it seems to me that the nature of the Compassionate Release Motion statute allows you to make this argument down the road, right? Well, yes, I could make it down the road, and that is absolutely true, and I will deny that. The biggest consideration I have, though, with this Compassionate Release Motion is that virtually all, Mr. Fusco has been exposed to a variety of conditions that have been in other cases, lower court cases, but I don't know, we haven't yet heard this court speak too much about the exact things that can be brought up. A variety of things that the lower courts have found to be sufficient for the extraordinary conditions. So, Mr. Proust, I mean, I sort of agree with you. We had a case earlier this week where the same point was made, which is that courts seem to be all over the place as to whether the same conditions in the same facilities- That's correct. Very similarly situated prisoners constitute extraordinary and compelling situations. Right. And that's an interesting and maybe problematic thing. But here we also have the 3553A factors that Judge Castell relied on, and that's an independent basis for denying the motion. And it seems to me the first part of the argument is interesting, but how do you get around the 3553A analysis? Well, the 353A analysis, it seems to me, this court has previously ruled you take the person making this motion at the time he's in jail at the time he makes the motion. Mr. Fusco is a very different person from the time he makes the motion. Also- But Judge Castell acknowledged, I mean, the things that had changed since he was originally sentenced. He acknowledged the situation of his health, et cetera, right? I don't think he really did acknowledge that as something that he should consider. I read through the opinion yesterday, and I read through it before, and I don't really see that in it. I know the U.S. Attorney is going to say that's there, and there may be things you could interpret that way. But the main concern I have is that it seems to me the fact that if you consider what's happened to him since he's been in jail, not only the things you see in other cases, the things like the 24-hour lockdown, the inability to recreate, the inability to see your family, those are all conditions and situations that have been recognized as possibly being those kind of extraordinary circumstances. Well, let's assume they are extraordinary. But the fact is, according to Judge Castell, certainly, that he killed two people. And so no amount of COVID distress is going to alter the seriousness of the offense. I understand that. On the other hand, one of the things that has been raised is that under these conditions, and particularly, and these conditions are magnified in Fusco's case because he did get COVID. He was very sick on death's door. It has resulted in a permanent condition, permanent undermining of his health having to do with a- Was that factor not contemplated or rather considered by Judge Castell? I didn't see that there. But again, I don't want to- It was a long decision that had a lot of different issues. I did not see it there, that he was actually considering that. I'm sorry, Judge LaValle, did you have a question? No. Oh. Here's the issue. So, and I think that Judge Sullivan's question has pointed this out, which is that we now require that the district court judge, when faced with the motion for compassionate release, deal with both the extraordinary and compelling circumstances issue and the 3553A issues and factors. If the district court judge determines based just on the 3553A issues that compassionate release should be denied, then that's enough unless there's some error in connection with, that's identified. In connection with that, Judge's consideration of the factors. So, if you would tell me what is wrong as a matter of abuse of discretion, I take it, or as a matter of clear error with Judge Castell's consideration of the 3553A factors, which independently are a basis for denying the motion for compassionate release. Well, it seems to me, number one, as I've indicated, the fact that Fusco got sick, and very sick, and is now permanently under mine, seems to me should be considered as almost an equivalent to the extension of his sentence. But besides that, this is not like he got nothing in this. He's now, I think it's 167 months he's been in jail now. The total amount will be 300 months. That's a considerable sentence. I don't see that. For two murders? Say that again? For two murders? I mean, that's what Judge Castell found, right? And he's allowed to consider that. So, assuming that's the case, and you don't seem to be disputing whether or not that's permissible, why would Judge Castell have to say that this is enough for two murders? I don't know that he has to. I'm saying that as a matter of discretion. But why would it be an abusive discretion? Yeah, it seems to me that when you start to look at the deterrent effect of those murders, of those sentences, in addition, not just the deterrent effect, but the fact that it was a considerable sentence even as it stands, even as he served it. It's a considerable sentence. It's not a small sentence. And when you're considering that he's serving something for which he was acquitted, it seems to me that those factors taken together ought to justify granting the compassionate release. So, it appears that you've reserved some time for rebuttal. Is that right? That's correct. Well, we'll hear you on rebuttal after we hear from the government. Okay. Thank you. Thank you. Good morning, and may it please the Court. Good morning. I'm Jeff Coyle, an Assistant United States Attorney in the Southern District Court, and I handled in the District Court the motion that is the subject of this appeal. Your Honors, I want to just go right to one of the core issues that my friend raised and saying that due to a previous COVID infection, Mr. Fusco developed a serious medical issue, as he quoted it, and saying that that wasn't considered in the Court's opinion. That is simply not true. I direct the Court to SPA 12, in which the District Court made several findings about bronchiectasis, the lung disease that Mr. Fusco developed purportedly due to his previous COVID infection. And he specifically said, as before, Fusco's medical records show that his conditions are being treated and contains numerous sites to the record about this particular condition. ECF 416 at 3839. July 2nd, 2021, report describing bronchiectasis as mild. Report dated July 22nd, 2021, noting mild bronchiectasis and use of oxygen, CPAP machine, albuterol inhaler, shortness of breath. Report dated May 26th, 2021, indicating a marked improvement of bilateral infiltrates in the mid to lower lung field. What's clear from this opinion is that Judge Costell undertook a very nuanced analysis of the petitioner's medical condition, including how these conditions tracked over time and how they were being treated at the federal medical center at which the petitioner is being held and found that he is being treated, he is receiving adequate treatment. And in many ways, it appears from this record that those conditions seem to be improving. This is precisely why this Court employs a deferential abuse of discretion standard with respect to findings of the Court, not only of extraordinary and compelling circumstances and the 3553A factors, because it is the Court's duty in the first instance to undertake what is inherently a very fact-bound inquiry of all the different factors that a petitioner may raise as to what constitutes alone or in combination extraordinary and compelling circumstances. And it is the job of the District Court to weigh those things. And undoubtedly, the Court did so here. It is just not true that these things were ignored or given short shrift. Is it a problem that we have different judges doing very different things with respect to what's extraordinary and compelling, even though sometimes it's identical circumstances? In other words, the exact same facility, same 24-hour lockdown, et cetera? Your Honor, at least with respect to this case, I don't think there is an identical comparator here because, first of all, the many, many myriad factors that the petitioner raised as to how he particularly has suffered are in and of themselves very unique and have been raised and regurgitated several times. But I mean, the point is not that this isn't a unique individual with unique health situations. I think Mr. Proust's point is that, if anything, he's worse off than people for whom courts have found extraordinary and compelling circumstances at step one of this process. Would you concede that? Your Honor, my understanding from those past decisions is that they came at a time where the COVID pandemic was running rampant and there were a lot of— There are judges now that are granting these, or at least finding that the first step of the extraordinary and compelling circumstances problem have been met simply because of the difficulty of living during COVID two years ago. And so it seems like the courts are all over the place on this, and is that a problem? Your Honor, I didn't see any cases where, as here, the conditions of confinement at the time they existed, there was only one staff member and no inmates at FMC Devens that actually had COVID at the time that this motion was raised. Furthermore, you have a petitioner here that's receiving extensive treatment, not at a typical facility, but at a federal medical center. So even though in other cases there had been certain conditions that had been recognized in combination with the conditions of confinement to be extraordinary and compelling circumstances, in this unique situation, given the care that he's received and the fact that really there was no COVID issue at the time he brought this motion, I just didn't see a comparator case where a court had found extraordinary and compelling circumstances. But I certainly agree with what the court said, that on the second prong of the analysis, that is an alternative and independent basis to deny the motion on the 3553A factors alone.